UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS A. VAZQUEZ-DIAZ,<br><br>                              Plaintiff,<br><br>             -against-<br><br>JOHN DOE, WARDEN OF MCC/NY, et al.,<br><br>                              Defendants. | 21-CV-3447 (LTS)<br><br>ORDER TO SHOW CAUSE UNDER<br>28 U.S.C. § 1915(g) |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in the Federal Medical Center in Springfield, Missouri, brings this *pro se* action under 42 U.S.C. § 1983, alleging the loss of his money and property at multiple correction facilities in New York. He seeks to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the following reasons, the Court directs Plaintiff to show cause why his IFP application should not be denied under 28 U.S.C. § 1915(g), the Prison Litigation Reform Act's three-strikes provision, and this action dismissed.

## PRISON LITIGATION REFORM ACT

Congress adopted the Prison Litigation Reform Act (PLRA) with the purpose of deterring not only frivolous and malicious civil actions, but also actions that fail to state a claim on which relief may be granted. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1726 (2020); *Nicholas v. Tucker*, 114 F.3d 17, 19 (2d Cir 1997). To serve this deterrent purpose, the PLRA includes the following "three-strikes" provision:

> In no event shall a prisoner bring a civil action…under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Consequently, a prisoner who has filed at least three civil actions or appeals meeting these criteria is ineligible to proceed IFP and must pay the filing fees before the Court can entertain a new civil action unless the prisoner qualifies for the "imminent danger" exception.

Plaintiff has filed multiple cases in this Court under the names Luis Vazquez and Luis Vasquez. The Court has identified the following civil actions filed by Plaintiff as strikes under section 1915(g):

(1) *Vazquez v. Gonzalez*, No. 97-CV-0751 (TPG) (S.D.N.Y. Feb. 5, 1997), which was dismissed for failure to state a claim on which relief may be granted under former 28 U.S.C. § 1915(d);

(2) *Vasquez v. Fisher*, No. 07-CV-2069 (KMW) (S.D.N.Y. Mar. 12, 2007), which was dismissed for failure to state a claim on which relief may be granted;

(3) *Vasquez v. Doe*, No. 07-CV-3020 (KMW) (S.D.N.Y. Apr. 16, 2007), which was dismissed for failure to state a claim on which relief may be granted and on immunity grounds;

(4) *Vasquez v. Doe*, No. 07-CV-3022 (KMW) (S.D.N.Y. Apr. 16, 2007), which was dismissed for failure to state a claim on which relief may be granted;

(5) *Vasquez v. Doe*, No. 07-CV-3023 (KMW) (S.D.N.Y. Apr. 16, 2007), which was dismissed for failure to state a claim on which relief may be granted;

(6) *Vasquez v. Doe*, No. 07-CV-3024 (KMW) (S.D.N.Y. Apr. 16, 2007), which was dismissed for failure to state a claim on which relief may be granted; and

(7) *Vasquez v. Doe*, No. 07-CV-3026 (KMW) (S.D.N.Y. Apr. 16, 2007), which was dismissed for failure to state a claim on which relief may be granted; and

(8) *Vazquez v. Pendergast*, No. 07-CV-5505 (KMW) (S.D.N.Y. June 11, 2007),

which was dismissed for failure to state a claim on which relief may be granted;

and

(9) *Vazquez v. Walker*, No. 07-CV-5506 (KMW) (S.D.N.Y. June 11, 2007), which

was dismissed for failure to state a claim on which relief may be granted.

The Court finds that Plaintiff has accumulated three strikes under the PLRA and he is

therefore barred under 28 U.S.C. § 1915(g) from filing any actions IFP while he is a prisoner.

Because Plaintiff is barred under section 1915(g) from proceeding IFP unless he is "under

imminent danger of serious physical injury," he must pay the filing fees for this action.

Plaintiff does not allege any facts suggesting that he was in imminent danger of serious

physical injury when he filed this case.[1] Instead, he brings this action asserting the loss of his

money and property at multiple correction facilities in New York in 2004 and 2008.[2]

### NOTICE AND OPPORTUNITY TO BE HEARD

A *pro se* litigant is generally entitled to notice and an opportunity to be heard before the

Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d

108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important

---

[1] An imminent danger is not one "that has dissipated by the time a complaint is filed," *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); rather, it must be one "existing at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

[2] On August 6, 2021, the Court received from Plaintiff a document titled "Permanent Restraint Order," in which he seeks injunctive relief with respect to his current detention. (*See* ECF 12.) As this action does not have anything to do with Plaintiff's current detention, the Court denies Plaintiff's request for a permanent restraining order.

The Court notes that Plaintiff has filed a petition for a writ of *habeas corpus* challenging the constitutionality of his custody. *See Vazquez-Diaz v. United States*, ECF1:21-CV-6757, 1 (S.D.N.Y. filed Aug. 5, 2021). The Court's denial of Plaintiff's request for injunctive relief is without prejudice to that action.

role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands). The Court therefore grants Plaintiff leave to submit a declaration showing that, while a prisoner, he has not filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim. Plaintiff must submit this declaration within thirty days. If Plaintiff does not make this showing, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss the action without prejudice, and bar Plaintiff from filing future actions IFP while he is a prisoner.[3]

## CONCLUSION

The Court directs Plaintiff to show cause why the Court should not deny his IFP application under the PLRA's three strikes provision, 28 U.S.C. § 1915(g). Plaintiff must file a declaration within thirty days explaining any reason why he should not be barred under the PLRA. A declaration form is attached to this order for Plaintiff's convenience. If Plaintiff does not show cause, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss this action without prejudice, and bar Plaintiff under section 1915(g) from filing future actions IFP while he is a prisoner.

The Court also denies Plaintiff's request for a permanent restraining order (ECF 12), and instructs the Clerk of Court to terminate all other pending matters in this case.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[3] Plaintiff is not barred from filing a new case by prepaying the filing fees.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 17, 2021
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____  CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)                          Signature

_____            _____

Name                                        Prison Identification # (if incarcerated)

_____            _____

Address                    City             State       Zip Code

_____            _____

Telephone Number (if available)            E-mail Address (if available)