UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS A. VAZQUEZ-DIAZ,<br><br>                          Plaintiff,<br><br>           -against-<br><br>JOHN DOE, WARDEN OF MCC/NY, et al.,<br><br>                          Defendants. | 21-CV-3447 (LTS)<br><br>BAR ORDER UNDER<br>28 U.S.C. § 1915(g) |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently detained in the United States Medical Center for Federal Prisoners in Springfield, Missouri, filed this action *pro se* and seeks to proceed *in forma pauperis* (IFP). On August 17, 2021, the Court noted that, while a prisoner, Plaintiff had filed three or more actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted, and it ordered Plaintiff to show cause within thirty days why he should not be barred under the "three strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), from filing future civil actions IFP in this Court while he is a prisoner.

Plaintiff filed a declaration on September 8, 2021, but he does not provide sufficient reason not to impose the above-described bar order. Plaintiff does not address the issues raised by the Court, but instead repeats his allegations from the complaint concerning the loss of his money and property.[1]

---

[1] Plaintiff also asserts in the declaration that he has not received a docket number or other legal papers from the United States Court of Appeals for the Second Circuit concerning an appeal he filed. On July 8, 2021, Plaintiff submitted a notice of appeal to the Court in which he sought to appeal an order dated May 26, 2021, purportedly dismissing this action. (ECF No. 10.) Because the Court had not issued a dismissal or any order on that date, the appeal was considered improperly filed and never transmitted to the Second Circuit.

**BAR ORDER**

While Plaintiff was a prisoner, he filed three or more actions or appeals that are deemed strikes because they were dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted. Because Plaintiff has not shown cause why the bar order should not be imposed, Plaintiff is barred from filing future civil actions IFP in this Court while he is a prisoner unless he is under imminent danger of serious physical injury. Plaintiff is warned that the submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See* 28 U.S.C. § 1651.

The Court denies Plaintiff's request to proceed IFP and dismisses the complaint without prejudice under the PLRA's "three-strikes" rule.[2] *See* 28 U.S.C. § 1915(g). All other pending matters in this case are terminated.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

---

[2] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 20, 2021
         New York, New York

                                           /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                       Chief United States District Judge