UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS A. VAZQUEZ-DIAZ,

                Plaintiff,

-against-

JOHN DOE, WARDEN OF MCC/NY, et al.,

                Defendants.

21-CV-3447 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently detained in the United States Medical Center for Federal Prisoners in Springfield, Missouri, filed this action *pro se*, seeking to proceed *in forma pauperis* ("IFP"). On August 17, 2021, the Court noted that, while a prisoner, Plaintiff had filed three or more actions or appeals that had been dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted, and it ordered Plaintiff to show cause why he is not barred under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), from filing further actions IFP in this Court while he is a prisoner. Plaintiff filed a declaration on September 8, 2021, but he failed to provide any reason not to impose a bar order. On September 20, 2021, the Court issued an order finding that at the time Plaintiff filed this complaint that he was barred under Section 1915(g) from filing IFP actions while he is a prisoner, unless he is in imminent danger of serious physical harm. The Court therefore denied Plaintiff leave to proceed IFP and dismissed this action without prejudice.

      On October 18, 2021, Plaintiff filed a motion titled "Order in Opposition to Have Plaintiff Barred. (ECF 19.) The Court liberally construes this submission as a motion under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as a motion under Rule 60(b) of

the Federal Rules of Civil Procedure for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (stating the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

The standards governing Rule 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Rule 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Plaintiff asserts that because he has never filed a complaint concerning his loss of money and property, he should not be barred from proceeding with this action. That argument, however, is not relevant in light of the Court's determination that while Plaintiff was a prisoner, he had filed three or more actions or appeals that were dismissed as frivolous, malicious, or for failure to

state a claim on which relief may be granted, and was therefore barred under Section1915(g) from proceeding with this action. Plaintiff cannot proceed with this action concerning his loss of property as he does not allege any facts suggesting that he was in imminent danger of serious physical harm at the time he filed this complaint.

Plaintiff has failed to demonstrate in his motion that the Court overlooked any controlling decisions or factual matters with respect to the imposition of the bar order and dismissal of this action. Plaintiff's motion under Rule 59(e) and Local Civil Rule 6.3 is therefore denied.

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

The Court also finds that, even under a liberal interpretation of the motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) applies or that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). Because Plaintiff does not present any legal or factual matters that would call into question the Court's finding that at the time he filed this complaint he was barred under Section 1915(g), the Court denies his motion opposing the bar order.

## CONCLUSION

Plaintiff's motion opposing the bar order (ECF 19) is denied. All other pending matters in this action are terminated.

The Clerk of Court is directed not to accept any further submissions under this closed action, except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is also directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: January 6, 2022
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge