UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS A. VAZQUEZ-DIAZ,

                          Plaintiff,

        -against-

JOHN DOE, WARDEN OF MCC/NY, et al.,

                          Defendants.

21-CV-3447 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is civilly confined in the custody of the United States Federal Bureau of Prisons at the Federal Medical Center in Springfield, Missouri, filed this *pro se* action under 42 U.S.C. § 1983 and sought to proceed *in forma pauperis* ("IFP"). The Court considered Plaintiff a prisoner, and by order dated September 20, 2021, the Court determined that at the time Plaintiff filed this complaint he was barred under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), from filing IFP actions while he is a prisoner, unless he is in imminent danger of serious physical harm. The Court denied Plaintiff leave to proceed IFP and dismissed this action without prejudice.

      Plaintiff appealed, and by mandate issued on September 7, 2022, the United States Court of Appeals for the Second Circuit vacated the Court's bar order and judgment, holding that because Plaintiff is a "civilly committed detainee who is not detained pursuant to a criminal conviction or pending criminal charges, he is not a 'prisoner' subject to the three-strikes rule of [Section] 1915(g)." *Vazquez-Diaz v. Doe*, No. 21-2331 (2d Cir. Sept. 7, 2022) (ECF 23) (citing to *Vazquez-Diaz v. United States*, ECF 7:21-CV-6757, 22, at 2-4 (S.D.N.Y.) (summarizing the history of Plaintiff's criminal proceedings and civil commitment); *Jones v. Cuomo*, 2 F.4th 22, 25026 (2d Cir. 2021) (holding that a civilly committed detainee who is not "detained pursuant to

an accusation or conviction of a violation of a criminal statue" is not a "prisoner" for purposes of the [PLRA])).

On September 8, 2022, the Clerk of Court reopened this matter for further proceedings. As per the mandate, the Clerk of Court is now directed to vacate the bar order and judgment (ECF 15-16).

## CONCLUSION

As per the September 7, 2022, mandate (ECF 23), the Clerk of Court is directed to vacate the bar order and judgment in this matter (ECF 15-16).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 14, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge