UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS A. VAZQUEZ-DIAZ,

              Plaintiff,

-against-

JOHN DOE, WARDEN OF MCC/NY, et al.,

              Defendants.

21-CV-3447 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is a civilly committed detainee in the custody of the United States Federal Bureau of Prisons ("BOP") at the Federal Medical Center in Springfield, Missouri, filed this *pro se* action under 42 U.S.C. § 1983, seeking the return of money that was allegedly confiscated from him while he was confined in several facilities located in New York State. By order dated October 18, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint without prejudice.

## BACKGROUND

**A.    Procedural History**

    Plaintiff filed this action seeking IFP status. Because it appeared that he was a prisoner in the custody of the BOP, by order dated September 20, 2021, the Court determined that at the time Plaintiff filed this complaint he was barred under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), from filing IFP actions while he is a prisoner, unless he is in imminent danger of serious physical harm. The Court denied Plaintiff leave to proceed IFP and dismissed this action without prejudice.

Plaintiff appealed, and by mandate issued on September 7, 2022, the United States Court of Appeals for the Second Circuit vacated the Court's bar order and judgment, holding that because Plaintiff is a "civilly committed detainee who is not detained pursuant to a criminal conviction or pending criminal charges, he is not a 'prisoner' subject to the three-strikes rule of [Section] 1915(g)." *Vazquez-Diaz v. Doe*, No. 21-2331 (2d Cir. Sept. 7, 2022) (ECF 23) (citing *Vazquez-Diaz v. United States*, ECF 7:21-CV-6757, 22, at 2-4 (S.D.N.Y.) (summarizing the history of Plaintiff's criminal proceedings and civil commitment) and *Jones v. Cuomo*, 2 F.4th 22, 25-26 (2d Cir. 2021) (holding that a civilly committed detainee who is not "detained pursuant to an accusation or conviction of a violation of a criminal statue" is not a "prisoner" for purposes of the [PLRA])). The Second Circuit further directed the following:

> On remand, because [Plaintiff] is civilly committed due to incompetency, the district court shall comply with Fed. R. Civ. P. 17(c)(2) (providing that if a litigant is incompetent and not represented by a guardian ad litem, a district court "must appoint a guardian ad litem – or issue another appropriate order – to protect [him]"). *See Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) ("A minor or incompetent person normally lacks the capacity to bring suit for himself."); *id.* at 134-35 (explaining how a district court should proceed when an incompetent litigant is not represented by counsel).

(ECF 23, at 1-2.) By order dated October 14, 2022, in accordance with the mandate, the Court directed the Clerk of Court to vacate the September 20, 2021, bar order and judgment (ECF 15-16).

B.     **Plaintiff's assertions in the complaint**

Plaintiff asserts property claims arising from his confinement in 2004 and 2008, in state, county, and federal correction facilities. He brings claims against correction officials and officers from the Metropolitan Correctional Center in New York City ("MCC-NY"), Sing Sing Correctional Facility, Auburn Correctional Facility, Southport Correctional Facility, "Ohio Federal Facility," and the Monroe County Jail. In particular, Plaintiff sues the following: John

2

Doe Warden, Captain Beard, and Correction Officer Monge from MCC-NY; John Doe Superintendent from Sing Sing; Correction Officer Shaupaul, Correction Officer Chamber, Lieutenant Mundo, Lieutenant Ortiz, and Correction Officer Gardner from unidentified facilities; and Judge Alvin K. Hellerstein of this court.

Plaintiff alleges that on an unspecified date, Judge Hellerstein returned to him money (about $3,000) and other property that had been confiscated by narcotics officers from the 42nd Precinct of the New York City Police Department ("NYPD") in Bronx County.[1] He claims, however, that the money was never placed in his prison account and he never received it or his other property. Plaintiff alleges that the money and other property were confiscated by officials and officers at MCC-NY, Auburn, Southport, Sing Sing, the "Ohio Federal Facility," and the Monroe County Jail. He claims that Defendants violated his rights under the Fourth Amendment by confiscating the money and other property. Plaintiff repeatedly alleges "that his legal problems is a conspiracy with the Reading, Pennsylvania polices [sic]." (ECF 1, at 7-9.)

C.    **Plaintiff's prior litigation concerning deprivation of property**

Plaintiff has previously filed two federal court actions in which he raised the same or similar claims of deprivation of property, providing differing accounts of the events giving rise to his claims. In December 2004, while he was incarcerated at Southport, Plaintiff filed a case in the United States District Court for the Western District of New York, in which he claimed that

---

[1] In 2000, Plaintiff filed a *habeas corpus* action in this court challenging his 1997 conviction in the New York Supreme Court, Bronx County, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree for which he was sentenced as a second felony offender to concurrent prison terms of six to twelve years. On April 17, 2002, Judge Hellerstein denied the petition. *See Vasquez v. Bennett*, No. 00-CV-3070 (AKH), 2002 WL 619282 (S.D.N.Y. Apr. 22, 2002).

It is unclear to the Court whether the alleged confiscation of Plaintiff's money was in connection with his 1995 arrest on the narcotics charges of which he was subsequently convicted.

correction employees at Southport and Sing Sing subjected him to cruel and unusual punishment, illegal search and seizure, and violation of due process and equal protection, by "withholding, hiding, destroying, and trashing [his] legal papers, legal books, and money − $965.00, which was send to [him] from [MCC-NY].[2] *Vazquez v. McGinnis*, No. 04-CV-0993, ECF 1, at 6 (W.D.N.Y. May 10, 2005) ("*Vazquez I*"). Plaintiff also alleged that between April and September 2004, he was transferred from MCC-NY to various facilities of the New York State Department of Corrections and Community Supervision ("DOCCS"), including Sing Sing, and that, in September 2004, he was sent to Southport. Plaintiff claimed that he had not seen the legal materials or money since about April 20, 2004, and that correction officials at both Sing Sing and Southport did not respond to his letters seeking to retrieve his property. Plaintiff further alleged that his property was purposely being kept from him because of "personal problem and conspiracy by the officers." *Id.*, ECF 1, at 10.

On April 16, 2005, the Western District held that Plaintiff had no claim for deprivation of property without due process because he had an adequate remedy before the New York State Court of Claims to address the deprivation of his legal materials, money, and other property. *See Vazquez I*, ECF 5, at 4-5 (citing *Hudson v. Palmer*, 468 U.S. 517, 523 (1984); *Love v. Coughlin*, 714 F.2d 207, 208-09 (2d Cir. 1983)). The court granted Plaintiff an opportunity to amend his claim of denial of access to the courts. However, Plaintiff filed an amended complaint in which he reasserted the same claims, and on May 5, 2005, the Western District dismissed the action in its entirety. *See Vasquez I*, 2005 WL 1114645, at *1 (W.D.N.Y. May 5, 2005).

In February 2006, while he was incarcerated at Great Meadow Correctional Facility, Plaintiff filed a second action in the United States District Court for the Northern District of New

---

[2] Except where indicated by brackets, the Court quotes the complaint verbatim.

York, concerning deprivation of property. In that action, he alleged that DOCCS employees at Great Meadow had been unlawfully withholding his personal property, which included legal materials, music, and money, since his arrival at the facility on December 15, 2005. *See Vazquez v. Greene*, No. 06-CV-0213, ECF 1, at 1 (N.D.N.Y. July 11, 2006) ("*Vazquez II*"). Plaintiff asserted that, since April 20, 2015, "he has been trying to obtain his belongings and money send to him from [MCC-NY] and Judge Alvin K. Hellerstein." *Id*., ECF 1, at 8. Plaintiff also indicated in that action that correctional staff at Sing Sing, Southport, Five Points Correctional Facility, and the Central New York Psychiatric Center have refused to find and give him his property. He attributed the withholding of his property to a "conspiracy to make [him] talk, which [he] refuse. 'NO TALKING.'" *Id*. at 5.

On April 25, 2006, the Northern District determined that Plaintiff had failed to allege facts sufficient to state a claim for the violation of his federal constitutional or statutory rights with respect to his deprivation of property and conspiracy claims. *Id*., ECF 6, at 2-5. The court granted Plaintiff leave to submit an amended complaint, which he subsequently filed. On July 11, 2006, however, the Northern District found that Plaintiff had failed to cure the noted deficiencies in his amended complaint, specifically that "the wrongful withholding of personal property does not itself state a claim for the violation of an inmate's federal constitutional and statutory rights." *Vasquez II*, 2006 WL 1966733, at *1 (N.D.N.Y. July 11, 2006).

## DISCUSSION

Under Rule 17 of the Federal Rules of Civil Procedure, "[t]he court must appoint a guardian *ad litem* – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). "A court may not determine on its merits the claim of an incompetent person who is not properly represented." *James v. New York*, 415 Fed. App'x 295, 296 (2d Cir. 2011); *see Berrios v. New York City Hous. Auth.*, 564 F.3d 130,

5

134-35 (2d Cir. 2009); *see also Galanova v. Portnoy*, 432 F. Supp .3d 433, 442 (S.D.N.Y. 2020) ("In cases in which the plaintiff is incapacitated, and therefore unable to proceed *pro se*, and is unrepresented, the district court must not reach the merits of a claim filed on behalf of an incompetent person who is not properly represented by a suitable guardian and through counsel.") (internal quotation marks and citation omitted).

Even when a plaintiff has been adjudicated incompetent at the time of bringing suit, where the district court views it as "clear that no substantial claim could be asserted on behalf of [an incompetent person], it may dismiss the complaint, but without prejudice." *Berrios*, 564 F.3d at 135; *see also Wenger v. Canastota Cent. Sch. Dist.*, 146 F.3d 123, 125 (2d Cir. 1998) (noting that the court may decline to appoint counsel for an incompetent person "when it is clear that no substantial claim may be brought on behalf of such party."), *overruled on other grounds*, *Winkleman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007); *Galanova*, 432 F. Supp. 3d at 433 (same).

Because Plaintiff is a civilly committed detainee due to incompetency, he is entitled to the protections of Rule 17(c), and the Court may not reach the merits of his claims unless he is represented by a suitable guardian or counsel. However, federal courts are relieved of their duty to exercise jurisdiction over constitutional questions when the claim asserted is deemed "so attenuated and unsubstantial as to be absolutely devoid of merit, . . . obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Anderson v. Bowen*, 881 F.2d 1, 5 n. 10 (2d Cir.1989) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)) (internal quotation marks omitted). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437

(2d Cir. 1998) (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011.

The Court, after reviewing Plaintiff's complaint, which asserts federal constitutional and statutory claims, finds that it presents no arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff seeks to bring deprivation of property claims that allegedly arose when he was transferred from MCC-NY to DOCCS custody in April 2004. In particular he claims that when he was transferred, money that was previously confiscated by narcotic officers in the Bronx, was returned to him by Judge Hellerstein and it was never placed in his prison account.[3] It is clear, however, that the complaint is another attempt by Plaintiff to rehash his contentions that he was unlawfully deprived of his property after he was transferred from MCC-NY to DOCCS custody. He previously raised the same or similar claims in *Vasquez I* and *Vasquez II*, and both the Western and Northern Districts determined that he had no federal constitutional or statutory claim for deprivation of property without due process because he had an adequate remedy before the New York State Court of Claims to address the alleged deprivation. *See Vazquez I*, No. 04-CV-0993, ECF 5, at 4-5; *Vasquez II*, 2006 WL 1966733, at *1. Plaintiff cannot seek to bring the same claims under the guise of suing new defendants, whom he does not even allege were personally involved in the alleged deprivations, *see Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a

---

[3] Although Plaintiff asserts that Judge Hellerstein returned the confiscated money to him, the Court could not find any support for this assertion. A review of Plaintiff's *habeas corpus* action – the only matter he had before Judge Hellerstein – does not indicate that at any point Judge Hellerstein directed the return of any property to Plaintiff. *See Vasquez v. Bennett*, No. 00-CV-3070 (AKH) (S.D.N.Y. Apr. 22, 2022).

prerequisite to an award of damages under § 1983.") (internal quotation marks omitted), or against Judge Hellerstein, who does not appear to have any direct involvement in the matter, and in any event, is absolutely immune from suit for damages for any actions taken within the scope of his judicial responsibilities, *Mireles v. Waco*, 502 U.S. 9, 11 (1991). As Plaintiff's deprivation of property claims were previously presented to two different courts and ruled on, it is clear that no substantial claim may be brought on Plaintiff's behalf. Plaintiff's assertions are no longer open to discussion, and therefore, his complaint must be dismissed as frivolous.

The Court concludes that appointment of a guardian *ad litem* or counsel is not warranted because Plaintiff cannot pursue any substantial claims arising from the events described in the complaint. The Court further dismisses this action as frivolous and not on the merits. *See Denton v. Hernandez*, 504 U.S. 25, 34 (1992) (dismissal of an IFP complaint on ground of frivolousness is not a dismissal on the merits, but rather an exercise of the court's discretion under the IFP statute). While Plaintiff's claims are frivolous, the Court dismisses them without prejudice because he has been adjudicated incompetent. *See Berrios*, 564 F.3d at 135.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed as frivolous and without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Because no substantial claim is asserted in the complaint, the Court declines to appoint a guardian *ad litem* or counsel to represent Plaintiff in this matter. All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   November 7, 2022
         New York, New York

                                               /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                           Chief United States District Judge